# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-64


PEGGY B. KUEHN

VERSUS

F.D.H. DEVELOPMENT, INC.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 05-2374
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and Billy H. Ezell, Judges.

**APPEAL DISMISSED. APPELLANT IS PERMITTED
TO FILE AN APPLICATION FOR SUPERVISORY WRITS.**


Richard D. Moreno
ROBINSON AND MORENO, L.L.C.
1 Lakeshore Drive, Suite 1135
Lake Charles, LA 70629
(337) 433-9535

and

David F. Dwight
1400 Ryan Street
Lake Charles, LA 70601
(337) 439-3138
COUNSEL FOR PLAINTIFF/APPELLANT:
    Peggy B. Kuehn

Henry R. Liles
940 Ryan Street
Lake Charles, LA 70601
(337) 433-8529
COUNSEL FOR DEFENDANT/APPELLEE:
    F.D.H. Development, Inc.

**SAUNDERS**, Judge.

On February 16, 2007, plaintiff-appellant, Peggy Kuehn, filed a motion and order to dismiss the instant appeal and leave to file an application for supervisory writ. The defendant-appellee, F.D.H. Development, Inc., subsequently filed an opposition to the motion filed by the plaintiff and incorporated its own motion to dismiss the plaintiff's appeal based on timeliness. After considering the parties' motions, we grant the motions to dismiss the appeal and grant the plaintiff leave to file an application for supervisory relief.

The plaintiff filed suit against the defendant-appellee, F.D.H. Development, Inc., seeking injunctive relief and damages associated with the defendant's construction of town homes in the subdivision where plaintiff resided. Specifically, plaintiff sought a mandatory injunction ordering the destruction of the town homes then under construction by the defendant. After the trial court denied plaintiff's request for a preliminary injunction, plaintiff appealed the ruling. The appeal was assigned docket number 05-1145. On January 4, 2006, this court dismissed appeal 05-1145 and remanded the matter to the trial court for a determination as to whether the preliminary injunction was moot and whether the purchasers of the town homes were indispensable parties.

The trial court conducted a contradictory hearing on these matters on May 22, 2006. At the hearing, the parties stipulated that the preliminary injunction was rendered moot by the sale of the property. The parties also stipulated that the plaintiff was no longer a resident of the subdivision. Thereafter, the trial court found that the purchasers of the subject property were

1

not indispensable parties for plaintiff's claim for damages or injunctive relief. In addition, the trial court concluded that plaintiff was not entitled to the mandatory injunctive relief requested, holding that the amendments to the building restrictions which ratified the subject construction were validly adopted. However, the trial court reserved the plaintiff's claim for damages.

A judgment memorializing the trial court's oral ruling was signed on July 21, 2006. Notice of the judgment was mailed on July 31, 2006. The Plaintiff filed a motion and order for devolutive appeal on August 8, 2006. The record in this appeal was lodged in this court on January 18, 2007. Thereafter, plaintiff filed a motion to dismiss her own appeal, averring that the appeal was taken from an interlocutory judgment.

Although it is unclear from the record on what pleading the trial court was ruling, it is clear that the trial court disposed of plaintiff's claim for injunctive relief and reserved her claim for damages for further proceedings. At first blush, it appears that the judgment which forms the basis of the instant appeal is a partial judgment within the meaning of La.Code Civ.P. art. 1915(B), as it disposed of one but less than all of plaintiff's claims. As such, the judgment would require a designation as a final judgment by the trial court after an express determination that there was no just reason for delaying an immediate appeal prior to being appealable. Because the judgment in the instant appeal has not been so designated, the appeal initially appears to be premature.

However, La.Code Civ.P. art. 3612 provides the following in relevant parts:

> B. An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order

2

or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.

C. An appeal from an order or judgment relating to a preliminary injunction must be taken, and any bond required must be furnished, within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.

D. Except as provided in this Article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III.

Louisiana Code of Civil Procedure Article 1915 appears in Book III. Accordingly, the statute applies to appeals of judgments relating to injunctive relief, but it only applies to the extent that La.Code Civ.P. art. 3612 has not provided a procedure for an appeal. Louisiana Code of Civil Procedure Article 3612 expressly states that an appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction. Thus, the right to an immediate appeal of a judgment relating to a preliminary or final injunction is clearly established in La.Code Civ.P. art. 3612. Therefore, we hold that litigants seeking an appeal of such judgments are not required to undertake the additional procedures for an appeal of a partial judgment provided in La.Code Civ.P. art. 1915(B), even when the judgment relating to a preliminary or final injunction is a partial judgment.

Notwithstanding the foregoing analysis, the plaintiff states that she is not appealing the trial court's ruling denying the mandatory injunction. In her reply brief filed in response to the defendant's opposition and motion to dismiss, the plaintiff points out that at the hearing on this matter, she stipulated that the injunctive relief is now moot. Instead, the plaintiff states that her reason for seeking review stems from the wording of the particular judgment signed by the trial court. The plaintiff asserts that both she and the defendant

3

submitted proposed judgments for the trial court to sign, and the trial court choose not to sign the judgment proposed by the plaintiff.

Given that the plaintiff states that she is not appealing the trial court's ruling as it relates to the denial of the injunctive relief, we agree with the plaintiff that the aspects of the judgment challenged by the plaintiff are not appealable, and we dismiss this appeal at plaintiff's cost. Since we find that the appeal should be dismissed on this ground, we pretermit any discussion as to the timeliness of the appeal raised by the defendant in their motion to dismiss the appeal.

The defendant also contends that this court should not afford the plaintiff time within which to seek supervisory relief from the trial court's ruling as the time delays for seeking such relief have now run. However, we find that since the plaintiff filed a motion for an appeal within the time delays for seeking supervisory writs, justice demands that we afford the plaintiff time within which to file a supervisory writ application with this court. As stated above, this writ application cannot address the merits of the trial court's denial of the injunctive relief. Otherwise, the plaintiff can challenge the wording of the trial court's ruling in her writ application. Accordingly, the plaintiff is hereby permitted to file a proper application for writs in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than _____ (insert specific date which is 30 days from the date of this decision). The plaintiff is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4–3 as we hereby construe the motion for appeal as a timely filed notice of intent to seek a supervisory writ.

4

**APPEAL DISMISSED. APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS.**

5